

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25386468**
**Date Processed: 08/15/2022**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine St<br>Ste 1000<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | The Kroger Co.<br>Entity ID Number 2171751 |
| **Entity Served:** | The Kroger Co |
| **Title of Action:** | Guadalupe Garay vs. The Kroger Co. |
| **Matter Name/ID:** | Guadalupe Garay vs. The Kroger Co. (12717783) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202247636 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/11/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Brown Law Group, P.L.L.C.<br>713-334-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202247636

RECEIPT NO: 929489 TRACKING NO: 74035519 EML

Plaintiff:
GARAY, GUADALUPE
vs.
Defendant:
THE KROGER CO

In The 165th
Judicial District Court of
Harris County, Texas
201 CAROLINE
Houston, Texas

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: **THE KROGER CO (A NONRESIDENT CORPORATION) MAY BE SERVED BY SERVING THE REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620, AUSTIN TX 78701-3218**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on August 5, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on August 9, 2022, under my hand and seal of said court.

Issued at the request of:

BROWN, CHRISTOPHER CONRELL
6300 RICHMOND AVE., STE. 201
HOUSTON, TX 77057-3500
713-334-2667
Bar Number: 24078265



Marilyn Burgess
Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: MONICA JACKSON

Tracking Number: 74035519 EML

## CAUSE NUMBER: 202247636

| | |
|---|---|
| PLAINTIFF: GARAY, GUADALUPE | In the 165th |
| vs. | Judicial District Court of |
| DEFENDANT: THE KROGER CO | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____           By_____
                Affiant                                                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

NO. _____

| | | |
|---|---|---|
| **GUADALUPE GARAY**<br>**Plaintiff,** | § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | \_\_\_\_\_ **JUDICIAL DISTRICT** |
| **THE KROGER CO.**<br>**Defendant.** | § § § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Guadalupe Garay, hereinafter called Plaintiff, complaining of and about The Kroger Co., hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Guadalupe Garay, is an Individual whose address is 6300 Richmond Ave., Ste. 201, Houston, Texas 77057.

3. The last three numbers of Guadalupe Garay's social security number are 543.

4. Defendant The Kroger Co., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company, at 211 E. 7th Street, Ste. 620, Austin, TX 78701-3218, its registered office. Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

    a. monetary relief of $250,000 or less and non-monetary relief.

7. This court has jurisdiction over Defendant The Kroger Co., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Kroger Co. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendant The Kroger Co. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

9. Furthermore, Plaintiff would show that Defendant The Kroger Co. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

10. Defendant, The Kroger Co., has 212 locations in Texas which is the largest amount of any state.

11. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

**FACTS**

12. At all times material hereto, Defendant The Kroger Co. was the owner of the premises located n East Houston (KB034 Kroger East/Houston).

13. On August 25, 2020, Guadalupe Garay entered upon said premises for the

purpose of shopping for groceries. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of shopping for groceries.

14. During the time that Guadalupe Garay was upon Defendant's property, Guadalupe Garay was seriously injured as a result of a dangerous condition in that crushed grapes were in the fruit and vegetable aisle.

15. Guadalupe Garay's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT THE KROGER CO.

16. At all times mentioned herein, Defendant The Kroger Co. owned the property in question, located at in East Houston (KB034).

17. At all times mentioned herein, Defendant The Kroger Co. had such control over the premises in question that Defendant The Kroger Co. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

18. Defendant The Kroger Co., Defendant's agents, servants, and employees negligently permitted the floor to become slippery with crushed grapes, negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant The Kroger Co. or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was the likelihood of a person being injured as occurred to Plaintiff.

19. Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant The Kroger Co. or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and

corrected by such persons.

20. At all times pertinent herein, Defendant The Kroger Co., and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward Plaintiff in:

  A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

  B. Failing to maintain the floor in a reasonably safe condition;

  C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

  D. Failing to give warnings to Plaintiff of the unsafe condition;

  E. Failing to remove the grapes causing the slip and fall; and

  F. Failing to discover and remove the grapes within a reasonable time.

## PROXIMATE CAUSE

21. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, GUADALUPE GARAY

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Guadalupe Garay was caused to suffer bodily injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Guadalupe Garay has incurred the following damages:

  A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Guadalupe Garay for the necessary care and treatment of the injuries resulting from the accident complained of herein

and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Physical pain and suffering in the future; and

F. Mental anguish in the future.

24. By reason of the above, Plaintiff, Guadalupe Garay has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Guadalupe Garay, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE BROWN LAW GROUP, P.L.L.C.


By:   /s/ Christopher Brown
      Christopher Brown
      Texas Bar No. 24078265
      Email: litigation@brownlawgrouptx.com
      6300 Richmond Ave.
      Suite 201
      Houston, TX 77057
      Tel. (713) 334-2667
      Fax. (713) 334-6768
      Attorney for Plaintiff
      Guadalupe Garay

NO. 2022-47636

| | | |
|---|---|---|
| GUADALUPE GARAY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| THE KROGER CO., | § | |
| | § | |
| Defendant. | § | 165th JUDICIAL DISTRICT |

# DEFENDANT THE KROGER CO.'S
# ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, The Kroger Co., Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4. By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE, SOLE CAUSE
## AND PROPORTIONATE RESPONSIBILITY

7. Defendant further affirmatively pleads that Plaintiff Guadalupe Garay's claim is barred, in whole or in part, due to Plaintiff being the sole cause of the accident in question. Further, Plaintiff Guadalupe Garay was the sole cause of the accident and/or contributorily negligent as she failed to exercise ordinary care, caution, or prudence to prevent the accident, and that such negligence on the part of Plaintiff was a proximate cause of her alleged injuries and damages. Further, Plaintiff Guadalupe Garay's

negligence should serve to reduce the proportional recovery, if any, of Plaintiff Guadalupe Garay from Defendant.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, the Kroger Co., having fully answered herein, pray that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
*twilliams@germer.com*
*vly@germer.com*

ATTORNEYS FOR DEFENDANT
THE KROGER CO.

NO. 2022-47636

| GUADALUPE GARAY, | § | IN THE DISTRICT COURT OF |
| --- | --- | --- |
| Plaintiff, | § § § | |
| v. | § § | HARRIS COUNTY, T E X A S |
| THE KROGER CO., | § § § | |
| Defendant. | § | 165th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, The Kroger Co., requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
    TROY A. WILLIAMS
    State Bar No. 00788678
    VALERIE LY
    State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
*twilliams@germer.com*
*vly@germer.com*

ATTORNEYS FOR DEFENDANT
THE KROGER CO.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel of record through the Court's e-service on this the 17th day of August, 2022:

litigation@brownlawgrouptx.com
Christopher Brown
The Brown Law Group, PLLC
6300 Richmond Avenue, Suite 201
Houston, Texas 77057
*Attorneys for Plaintiff*

_____
TROY A. WILLIAMS